Filed 6/28/21 P. v. Shipp CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C090454 |
| v. | (Super. Ct. No. 62158170) |
| CHRISTOPHER LEE SHIPP, | |
| Defendant and Appellant. | |

A jury found defendant Christopher Lee Shipp guilty of residential burglary and resisting a peace officer, and the trial court found true various prior strike conviction allegations. Defendant now contends the trial court abused its discretion when it denied his motion to dismiss one of the prior strike allegations. Finding no abuse of discretion, we will affirm the judgment.

BACKGROUND

In 2018, defendant broke into, and entered, the victim's home while the victim was away. His entry triggered an alarm, which summoned sheriff's deputies. When the deputies approached the house, they saw defendant walk into the living room holding a

1

rake. One of the deputies identified himself as law enforcement and defendant ran away. Law enforcement apprehended defendant as he fled.

Defendant spoke to a detective shortly after he was arrested. Defendant explained he had taken six or seven "bars" of Xanax the night before and felt high. He admitted breaking into the house to look for "[a]nything and money." Defendant explained that before he went into the house, he "walk[ed] around the place" and knocked on the door to check if anyone was home.

The prosecution charged defendant with one count of residential burglary (Pen. Code, § 459)[1] and one count of resisting a peace officer (§ 148, subd. (a)(1)). The prosecution also alleged defendant had two prior convictions for serious felonies from 2005: one for assault with a firearm (§ 245, subd. (a)(2)) in Sacramento County, and one for attempted burglary (§§ 664, subd. (a), 459) in Placer County. (§§ 667, subds. (b)-(i), 1170.12.) Defendant moved to dismiss the serious felony allegations under *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero)*, but the trial court denied the motion after considering "defendant's present felony and the prior strikes and the particulars of his background, character, and prospects and what the Court considers a just result." At the beginning of trial, defendant moved for reconsideration of the motion. The trial court deferred the motion until after trial.

The jury found defendant guilty of both counts and the trial court found the prior strike allegations true. Defendant renewed his *Romero* motion and the trial court held a hearing on the motion. Among other things, defense counsel referenced defendant's family, his difficulties with substance abuse, and his efforts to seek help, arguing those circumstances supported dismissing the strike. Defendant also spoke, as did an advocate from a substance abuse treatment program who had worked with defendant.

---

[1] Undesignated statutory references are to the Penal Code.

The prosecution described defendant's criminal history. The 2005 assault with a firearm conviction had occurred when defendant fired a handgun at another person. The other strike offense, an attempted burglary from 2005, occurred when defendant kicked in the door of a house but did not take anything. In 2009, defendant violated parole and was convicted of felony statutory rape (§ 261.5, subd. (d)), for which he was sentenced to three years in prison. Then, in 2015, defendant was convicted of misdemeanor resisting a peace officer (§ 148, subd. (a)(1)). The prosecution argued defendant had not performed well on supervised bail in his current case and had been arrested for driving under the influence and resisting a peace officer.

Defense counsel responded that the assault with a firearm conviction only involved firing a weapon into the ground to stop an advancing person, and that substances were involved in that case.

The trial court said it had considered the briefing and statements it had received, including the probation report and all attachments. It noted it was guided by *Romero*, *People v. Williams* (1998) 17 Cal.4th 148, and the spirit of the three strikes law. The trial court said that even though the current offense was not a violent offense, it was nevertheless serious. It also noted defendant's history of substance abuse, but it found the asserted Xanax use was not sufficient to mitigate defendant's crime in this case. The trial court also noted defendant's history of offenses despite opportunities to set himself on a lawful path. Considering the foregoing, the trial court found that defendant's offenses fell within the spirit of the three strikes law, and it declined to dismiss the prior strike allegation.

## DISCUSSION

Defendant argues the trial court abused its discretion in declining to dismiss a prior strike allegation, given the nonviolent conduct involved in the present offense. Moreover, defendant argues, the remoteness and circumstances of the prior strike

convictions, as well as defendant's history of substance abuse, justify dismissing at least one of the prior strike allegations.

The California Supreme Court held in *Romero* that trial courts have discretion under section 1385 to dismiss a prior strike allegation when the trial court finds a defendant falls outside the spirit of the three strikes law. (*Romero, supra*, 13 Cal.4th at pp. 529-530.) To decide whether to dismiss a prior strike allegation, the trial court "must consider whether, in light of the nature and circumstances of his present felonies and prior serious and/or violent felony convictions, and the particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams, supra*, 17 Cal.4th at p. 161.) "While a court must explain its reasons for striking a prior [citations], no similar requirement applies when a court declines to strike a prior [citation]." (*In re Large* (2007) 41 Cal.4th 538, 550.)

"[A] court's failure to dismiss or strike a prior conviction allegation is subject to review under the deferential abuse of discretion standard." (*People v. Carmony* (2004) 33 Cal.4th 367, 374.) "[A] trial court will only abuse its discretion in failing to strike a prior felony conviction allegation in limited circumstances." (*Id*. at p. 378.) Where the trial court, aware of its discretion, " 'balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.' " (*Ibid*.) We will not reverse the ruling on a *Romero* motion unless the defendant shows that the decision was "so irrational or arbitrary that no reasonable person could agree with it." (*Id*. at p. 377.)

Here, the trial court reviewed defendant's moving papers and the prosecution's opposition brief. It also reviewed the probation report and addenda, which listed the nature and circumstances of defendant's current offense, assessed the various sentencing factors in mitigation and aggravation, and listed his past convictions. The report noted

4

defendant had a significant history of substance abuse that was tied to his criminal behavior.  It also noted defendant had an unsatisfactory history of complying with parole or probation requirements and had even been arrested while on supervised bail in the current case, suggesting his criminal behavior was habitual.  The report attached several bills for restitution costs showing damages done to the victim's house in the current offense, along with reference letters from friends and an acceptance letter from a substance abuse treatment program.

When it made its ruling, the trial court explained that defendant had many misdemeanors, felonies, and parole violations.  Defendant served a state prison term after the 2005 convictions, each of which was based on a separate incident, rather than a single period of aberrant behavior.  While the prior convictions were approximately 13 years old at the time defendant committed the current offense, defendant had violated parole and committed an additional felony and misdemeanor in the intervening period.  And while the current offense was not violent, it was serious because of its impact on the victim.

The trial court considered defendant's history of substance abuse and weighed it against the aggravating circumstances of the current offense.  In particular, the trial court noted the crime involved some measure of planning in that defendant acknowledged scoping out the victim's house beforehand to ensure no one was present when he broke in.  The trial court also noted that many past efforts had been made to assist defendant.

The trial court considered the relevant factors in a manner consistent with *Romero*. It reviewed the factors now asserted by defendant and found that his crimes fell within the spirit of the three strikes law.  Among other things, the trial court based its decision on defendant's history of criminal activity and convictions, as well as his poor history of compliance with supervised release conditions.  Its consideration of these factors was not irrational or arbitrary.  The trial court did not abuse its discretion.

Defendant briefly argues, without elaboration, that his due process right to have sentencing decisions made in accordance with state law was violated by the trial court's

5

decision.  Because we conclude the trial court complied with state law, we reject the due process claim.  (*People v. Lewis and Oliver* (2006) 39 Cal.4th 970, 990, fn. 5.)

DISPOSITION

The judgment is affirmed.


_____/S/_____

MAURO, J.

We concur:


_____/S/_____

HULL, Acting P. J.


_____/S/_____

HOCH, J.